**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ROBERT LEO BREEDEN,**

        **Plaintiff,**

**v.**                                                                   **Civil Action No. 3:05cv78**
                                                                        **(Judge Bailey)**

**JOANN S. PERKINS AND**
**JAMES B. CRAWFORD, III,**

        **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

On July 11, 2005, the *pro se* plaintiff initiated this case by filing a civil rights complaint

against the above-named defendants.  On January 23, 2006, the plaintiff was granted permission to

proceed as a pauper.  On October 17, 2006, the undersigned conducted a preliminary review of the

complaint and determined that summary dismissal was not appropriate at that time.  Accordingly,

the Clerk was directed to issue summonses for the defendants.  Summonses issued on October 17,

2006, and the docket reflects that the defendants were served on October 17, 2006, by a deputy

United States Marshal.  On November 29, 2006, defendant Crawford filed a Motion to Dismiss.  On

December 8, 2006, the Court issued a Roseboro Notice advising the *pro se* plaintiff of his right to

file responsive material to the defendant's motion.  The plaintiff filed objections to the defendant's

motion and a motion to amend on January 5, 2007.  Defendant Perkins has not filed a response to

the complaint.

## I.  The Pleadings

## A.  The Complaint

In the complaint, the plaintiff asserts that on or about January 1, 2002, he entered into a

verbal contract with Richard Mathis and Mary Baldwin. The terms of the verbal agreement were as follows: Richard Mathis would lend the plaintiff $10,000 for the purpose of paying off his bank debt to the Bank of Charlestown. In exchange for this loan, the plaintiff signed over the deed to certain property belonging to him. The plaintiff asserts that the transfer of the deed was only temporary, and that upon the final sale of the property, Mr. Mathis would be repaid in full the amount of the loan, with the remainder of the money being placed in the plaintiff's personal bank account.

However, before the sale of the above-mentioned property could become final, Mr. Mathis died, leaving the deed to the above-mentioned property to his estate. The plaintiff asserts that he filed a claim with Mr. Mathis' estate for his portion of the property.

On or about December 1, 2003, the plaintiff received a letter from defendant Perkins in which he was advised that there was a hearing set in probate court concerning the Mathis Estate. However, the plaintiff asserts that he was never given a date as to when the hearing was to take place. Because he never received a date for the probate hearing, the plaintiff asserts that he was unable to have someone there to represent his interests. The plaintiff asserts that the Mathis Estate was eventually released to the decedent's son and the property sold.

After the sale of the property, the plaintiff contacted defendant Crawford, the attorney who drew up the deed transfer. The plaintiff alleges that he was told by Mr. Crawford that there was nothing that could be done about regaining his property.

The plaintiff asserts that he later found out that the deed defendant Crawford prepared was invalid, making the transaction between himself and Mr. Mathis void. The plaintiff thereafter contacted Mr. Mathis' son who informed the plaintiff that the property had already been sold and

that the plaintiff "had nothing coming."

The plaintiff asserts that defendant Perkins failure to notify him of the date of the probate hearing denied him of his due process rights. The plaintiff also asserts defendant Crawford's writing of an invalid deed put his "financial transactions in jeopardy." The plaintiff therefore asserts that he is suing both defendants for the illegal sale of his property.

## B. **Motion to Dismiss**

In his motion to dismiss, defendant Crawford asserts that the plaintiff has filed his complaint pursuant to 42 U.S.C. § 1983. However, defendant Crawford asserts that the complaint makes no allegations of a violation of the plaintiff's civil rights against defendant Crawford, nor does it allege that defendant Crawford was acting under the color of state law when he prepared the deed. Accordingly, defendant Crawford asserts that he should be dismissed from this action because the plaintiff has failed to state a claim for which relief can be granted.

## C. **Plaintiffs' Objections and Motion to Amend**

In this document, the plaintiff requests that the Court allow his case to proceed because there are genuine issues of material fact in dispute. The plaintiff further asserts that due to his *pro se* status, his complaint should be construed liberally and implies that the Court should identify a more appropriate legal statute for which he may properly bring his claim.

The plaintiff goes on to argue that defendant Crawford is guilty of mispreparing the deed to the plaintiff's property and the fact that defendant Crawford is not a state official does not in itself exempt him from prosecution. The plaintiff asserts that at the time he signed the deed, he was a prisoner confined in a federal institution and had no reason to suspect that defendant Crawford would mishandle his affairs. The plaintiff asserts that defendant Crawford had maintained a local

practice in the plaintiff's community for a number of years.

In addition, the plaintiff asserts that there is "reason to suspect complicity" on the part of attorney F. Samuel Byrer, who was appointed by the Circuit Court of Jefferson County as a Guardian Ad Litem. The plaintiff asserts that despite Mr. Byrer being appointed by the Court to represent him, Mr. Byrer insisted that the plaintiff was obligated to pay certain legal fees amounting to approximately $1200 unless the plaintiff agreed to accept an out-of-court settlement from the Mathis Estate. Additionally, the plaintiff asserts that it was Mr. Mathis' attorney, John K. Dorsey, who fixed the faulty deed prepared by defendant Crawford. Thus, the plaintiff asserts that he has not heretofore had the benefit of competent counsel. Consequently, the plaintiff wishes to amend the instant action to include claims against F. Samuel Byrer and John K. Dorsey for the illegal transfer and sale of his property.

**D.  Defendant Crawford's Response to the Plaintiff's Objections and Motion to Amend**

In response to the plaintiff's objections and motion to amend, defendant Crawford asserts that the plaintiff's objections offer neither a sufficient explanation nor a reasonable alternative for his unsubstantiated complaint against defendant Crawford. The defendant further asserts that the plaintiff has failed to allege any set of facts which would lead a reasonable trier of fact to hold the defendant liable under § 1983. The defendant asserts that it is undisputed that he is not a state actor and that relief cannot be granted against him under § 1983. Moreover, defendant Crawford asserts that the plaintiff has failed to allege an alternative means of liability. Accordingly, the defendant asserts that his motion to dismiss should be granted.

Next, defendant Crawford asserts that the plaintiff wishes to amend his action to include F. Samuel Byrer and John K. Dorsey as defendants in this action. However, the defendant asserts that

by amending his complaint to add these defendants, the plaintiff will still not create a viable cause of action. In fact, the defendant asserts that the plaintiff merely wishes to add attorneys associated with the claims raised in this complaint, without any sufficient basis therefore. Accordingly, the defendant reiterates his request for the dismissal of the plaintiff's claims against him.

## II. Standard of Review

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## III. Analysis

### A. The Complaint

The plaintiff asserts that the jurisdiction of this Court to hear his claims arises under 42 U.S.C. § 1983. Section 1983 reads:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

By its terms, § 1983 applies only to state actors. See Gomez v. Toledo, 446 U.S. 635, 640 (1980) (a claim for relief under § 1983 may be made only against persons who acted under color of state law). In this case, the plaintiff has failed to allege that either defendant Crawford or defendant Perkins were state actors acting under the color of state law.

Moreover, pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim *showing that the pleader is entitled to relief*, and (3) a demand for judgment for the relief the pleader seeks." (Emphasis added). "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).

In this case, the plaintiff has failed to show that he is entitled to relief under § 1983 or that he was otherwise deprived of any right, privilege, or immunity secured by the Constitution or some federal law.[1] The plaintiff merely makes a bald statement that he is entitled to relief against the defendants without establishing a sufficient basis for his claim. Thus, the plaintiff has failed to state a claim for which relief may be granted in this Court and his complaint is subject to dismissal.[2]

In his objections to defendant Crawford's motion to dismiss, the plaintiff asserts that because he is proceeding *pro se*, the Court should construe his complaint liberally and apply any federal or

---

[1] It appears that the plaintiff merely complains of alleged instances of legal malpractice.

[2] Whether or not the plaintiff may have any claims against the defendants in state court is not before this Court for consideration.

state law that it finds applicable to his factual allegations. However, although it is well-established that a *pro se* litigant is entitled to a liberal construction of his pleadings, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972), the principles requiring liberal construction of *pro se* pleadings are not without limits. <u>Gordon v. Leeks</u>, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberal construction does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party. <u>Id.</u> Therefore, because the Court cannot act as an advocate for the plaintiff, his claims can only be considered under the legal bases expressly set forth by him in this case.

## B. <u>Plaintiff's Motion to Amend</u>

In his motion to amend, the plaintiff requests permission to add two new defendants: F. Samuel Byrer, and John K. Dorsey. It appears that both were somehow involved in the plaintiff's alleged loss of property, although the extent of their involvement is not clear from the motion. Once again, however, the plaintiff fails to assert that either of these defendants were state actors working under the color of state law, or if they were, how they were involved with a violation of the plaintiff's constitutional rights. For example, the plaintiff complains that Mr. Byrer sought payment of $1200 in legal fees and Mr. Dorsey "fixed" the faulty deed originally prepared by defendant Crawford. Clearly neither of these acts rises to the level of a Constitutional violation for which this Court would have jurisdiction. Accordingly, although leave to amend should be freely given under Rule 15(a) of the Federal Rules of Civil Procedure, even if the Court were to allow the plaintiff to amend his complaint to add Mr. Byrer and Mr. Dorsey as defendants, those claims would not save the plaintiff's complaint from summary dismissal. Consequently, the plaintiff's Motion to Amend (dckt. 20) is **DENIED**.

## IV.  Recommendation

For the reasons set forth in this Opinion, the undersigned finds that the plaintiff has failed to state a claim for which relief can be granted against defendant Crawford and recommends that defendant Crawford's Motion to Dismiss (dckt. 16) be **GRANTED** and that he be **DISMISSED WITH PREJUDICE** as a defendant in this case.  For the same reasons, the undersigned recommends that the plaintiff's claims against defendant Perkins also be dismissed and that the entire complaint be **DISMISSED WITH PREJUDICE**.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any  objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.   28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff and any counsel of record.

DATED: June 22, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE